IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTOINE DARNELL LANE,

    Petitioner,

v.                                                   Civil Action No. 3:06CV32
                                                      Criminal Action No. 3:02CR35-5
UNITED STATES OF AMERICA,        (DISTRICT JUDGE)

    Respondent.

## REPORT AND RECOMMENDATION
## THAT §2255 MOTION BE DENIED

### I. INTRODUCTION

On March 28, 2006, *pro se* petitioner filed a Motion for Order Amending and Correcting Sentence Pursuant to 28 U.S.C. § 2255. The motion is dating February 21, 2006. The Government filed its response April 19, 2007.

### II. FACTS

A.     **Conviction and Sentence**

On September 17, 2002, petitioner orally entered a guilty plea in open court without the benefit of a written plea agreement. During the plea hearing he agreed to plead guilty to seven counts of conspiracy to possess with intent to distribute in excess of 50 grams of cocaine base in violation of Title 21, United States Code, Section 846 (Count 1); distribution of .29 grams and .20 grams, crack cocaine, in violation of Title 21, United States Code, Section 841(a)(1) (Counts 3 and 13 respectively) and the 2 possession of less than 5 grams, 17.7 grams and 1.55 grams of crack cocaine with the intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1) (Counts 4, 10 and 30 respectively) and the possession of 6.18 grams of marijuana with the intent to distribute, in violation of Title 21, United States Code, Section 841(a)(1) (Count 11).

Petitioner was 22 years old and educated through the eleventh grade. (Plea transcript p. 5) The Court then reviewed all the rights petitioner was giving up by pleading guilty. (Id. at 18-20) During the plea hearing, the Government relied upon the counts of the indictment and the petitioner's proffered testimony as the factual basis of the plea. (Id. at 21)

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Counts 1, 3, 4, 10, 11, 13, and 30 of the indictment. (Id. at 22) The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id. at 23) In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id.) The petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (Id. at 23-24) Finally, petitioner said he was in fact guilty of the crime to which he was pleading guilty (Id. at 24)

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty; and that the elements of the crime were established beyond a reasonable doubt. (Id.) The petitioner did not object to the Court's finding.

On January 23, 2003, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both the crime and the defendant, and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 192 months imprisonment.

**B.**     **Appeal**

Petitioner filed a Notice of Appeal on February 3, 2003. The United States Court of Appeals for the Fourth Circuit affirmed petitioner's conviction and sentence on November 9, 2004.

C.      **Federal Habeas Corpus**

Petitioner contends that there was no factual basis for the guilty plea and that the plea was not knowingly and voluntarily made. Petitioner further contends that he was denied effective assistance of counsel because his counsel did not sufficiently meet with him and advised him to plead guilty to all counts. Petitioner also contends that adding supervised release to a sentence is unconstitutional. Finally, petitioner contends that his good time credit is not being calculated properly.

The Government first contends that petitioner either raised or failed to raise these contentions on his direct appeal. Because the petitioner argued in his direct appeal that there was no factual basis for the plea, he is foreclosed from raising it now. The Government contends that the Court determined at the time of the plea hearing that petitioner was competent to enter his plea and his pleas were knowingly, freely, and voluntarily made. Additionally, the Government contends that under Strickland v. Washington, 466 U.S. 668 (1984) and Lockhart v. Fretwell, 506 U.S. 364 (1993), the petitioner has not met the burden of proving the allegation of ineffective assistance of counsel. The Government contends that supervised release is a part of petitioner's overall sentence and was required by statute. Finally, the Government contends that the Fourth Circuit has concluded that Bureau of Prisons has reasonably interpreted the statute so as to require good time credit based upon the inmate's time served.

**D.     Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket as untimely.

### III.   ANALYSIS

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion.  28 U.S.C. §2255.[1]

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[2]; or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires.  Aikens v. United States, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000).  There are two recognized exceptions to this general rule, which apply when a federal prisoner seeks direct

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA.  Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

[2] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive.  Dodd v. United States, ____ U.S. ____, 125 S.Ct. 2478 (2005).

appellate review of his conviction or sentence. First, if, following the disposition of his direct appeal, a federal prisoner files a petition for writ of certiorari with the U.S. Supreme Court, the conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not file a timely certiorari petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is ninety days after entry of the judgment on direct appeal. See Clay v. United States, 537 U.S. 522, 532 (2003). The second example is present in the instant case because petitioner filed a direct appeal.

The judgment was entered on the direct appeal on November 9, 2004. Therefore, the petitioner's conviction became final on February 8, 2005, ninety days after entry of the judgment on direct appeal. Therefore, he had until February 8, 2006, to file his habeas corpus under AEDPA. Because the petitioner did not file his § 2255 motion until March 28, 2006, it is clearly time barred. It is also time barred if the motion had been filed February 21, 2006, the date on the motion.

**IV. Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's §2255 motion be denied and dismissed from the docket because the petitioner is time-barred from raising his claim since his motion was filed more than one year after the conviction was final.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any

objections shall also be submitted to the United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985): <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and counsel of record, as applicable.

DATED: July 6, 2007

                                          /s/ James E. Seibert
                                          JAMES E. SEIBERT
                                          UNITED STATES MAGISTRATE JUDGE